IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KEITH V. MCFARLAND                                                                     PLAINTIFF

vs.                                         Civil No. 3:08-cv-03067

MICHAEL J. ASTRUE                                                                      DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Keith McFarland ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Jimm Larry Hendren referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends that the ALJ's determination be **REVERSED AND REMANDED.**

**1. Background:**

Plaintiff protectively filed his applications for DIB and SSI on August 20, 2003. (Tr. 52-54). Plaintiff alleged he was disabled due to back problems, carpel tunnel syndrome, and nerve damage in his arm. (Tr. 60). Plaintiff alleged an onset date of July 16, 2003. (Tr. 60). This application was initially denied on November 8, 2003 and was denied again on reconsideration on January 28, 2004.

1

(Tr. 29-30, 35-37).

On February 27, 2004, Plaintiff requested an administrative hearing on his applications. (Tr. 37). This hearing was held on November 18, 2004 in Harrison, Arkansas. (Tr. 342-360). Plaintiff was present and was represented by counsel, Frederick Spencer, at this hearing. *See id.* Plaintiff, and Plaintiff's witnesses Sharon Christianson and Helen Redman, testified at this hearing. *See id.* Vocational Expert ("VE") Montie Lumpkin answered interrogatories on this matter on June 13, 2005. (Tr. 130-132). On the date of this hearing, Plaintiff was forty (40) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had a twelfth grade education. (Tr. 347)

On August 31, 2005, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 11-21). On March 6, 2008, The United States District Court for the Western District of Arkansas reversed the ALJ's decision and remanded the matter for further consideration for the ALJ to reevaluate Plaintiff's mental impairments. (Tr. 378-385).

After remand, a hearing was held on March 27, 2008 in Harrison, Arkansas. (Tr. 490-512). Plaintiff was present and was represented by counsel, Frederick Spencer, at this hearing. *See id.* Plaintiff, and Plaintiff's wife Sharon McFarland, testified at this hearing. *See id.* Vocational Expert ("VE") David O'Neal answered interrogatories on this matter. (Tr. 426-429).

On September 2, 2008, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 370-376). In this decision, the ALJ determined Plaintiff had met the insured status requirements of the Act through December 31, 2008. (Tr. 372, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 13, 2003. (Tr. 372, Finding 2). The ALJ determined Plaintiff had the following severe impairments:

2

back and mood disorders. (Tr. 372, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 374, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 373-375). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 and found his claimed limitations were not totally credible. (Tr. 374). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform light work activity and he could frequently reach with his dominant upper extremity, with no limitation of the non-dominant upper extremity, and he could frequently, but not continuously, climb ladders and scaffolds. The ALJ also found Plaintiff was mildly limited in his ability to carry out simple instructions; make judgments on simple work-related decisions; understand, remember, and carry out complex instructions; interact appropriately with co-workers; and respond appropriately to usual work situations and routine work changes. (Tr. 23, Finding 5).

The ALJ then determined Plaintiff was unable to perform his Past Relevant Work ("PRW") but was able to perform work existing in significant numbers in the national economy. (Tr. 375, Findings 6, 10). Plaintiff testified at the administrative hearing regarding these issues and the VE answered interrogatories regarding these issues. (Tr. 428, 496). The VE answered interrogatories stating a hypothetical person with Plaintiff's limitations would be able to perform work as a shirt presser with approximately 1,100 such jobs in Arkansas and 82,000 such jobs in the nation, drycleaner with approximately 2,000 such jobs in Arkansas and 218,000 such jobs in the nation, and

as an assembler with approximately 1,300 such jobs in Arkansas and 111,000 such jobs in the nation. (Tr. 428).

Based upon this, the ALJ determined, considering Plaintiff's age, education, work experience, and RFC, that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform. (Tr. 375, Finding 10). Thereafter, the ALJ determined Plaintiff had not been under a "disability," as defined by the Act, from July 16, 2003 through the date of the ALJ's decision or through September 2, 2008. (Tr. 376, Finding 11).

On September 12, 2008, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 364). *See* 20 C.F.R. § 404.968. On October 24, 2008, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 361-363). On December 8, 2008, Plaintiff filed the present appeal. (Doc. No. 1). Both parties have filed appeal briefs. (Doc. Nos. 11, 12). This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

4

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in failing to properly accept the opinions of Plaintiff's treating physicians; and (B) the ALJ erred in determining Plaintiff's RFC. (Doc. No. 11, Pgs. 7-20). In response, Defendant argues (A) the ALJ properly evaluated the medical evidence, and (B) the ALJ properly evaluated Plaintiff's RFC. (Doc. No. 12, Pgs. 4-13).

Plaintiff argues the ALJ did not properly evaluate the opinions of treating physicians, namely psychiatrist Dr. Christopher Winslow. (Doc. No. 11, Pg. 7). Social Security Regulations and case law state a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give "good reasons" for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Medical records show Plaintiff was seen and treated by Dr. Winslow from January 19, 2005 through September 13, 2007. (Tr. 251-259, 456-474). Treatment was for Plaintiff's depression,

mood disorder and anxiety. *See Id.* On August 19, 2007 Dr. Winslow prepared a Medical Source Statement of Ability to Do Work-Related Activities (Mental). (Tr. 445-447). Dr. Winslow stated Plaintiff had marked limitations in his ability to carry out complex instructions; make judgments on complex work related decisions; and respond appropriately to usual work situations and to changes in a routine work setting, and Plaintiff had moderate limitations in his ability to understand and remember complex instructions; interact appropriately with supervisors and co-workers (Tr. 445-446).

The ALJ did not accept Dr. Winslow opinions because they were based on the Plaintiff's subjective complaints of pain. (Tr. 375). This was the only reason given by the ALJ. The ALJ did not discuss how Dr. Winslow's opinions were not well-supported by medically acceptable clinical and laboratory diagnostic techniques or how his opinions were inconsistent with the other substantial evidence. The ALJ was required to give "good reasons" before discounting the opinion of Dr. Winslow. *See Prosch*, 201 F.3d at1013. The ALJ did not find that Dr. Winslow's had rendered inconsistent opinions that undermine the credibility of such opinions. Further the ALJ did not find other medical assessments were "supported by better or more thorough medical evidence." The ALJ failed to give "good reasons" for his discounting Dr. Winslow's opinion.

On remand, it is recommend the ALJ provide appropriate analysis of Dr. Winslow's opinions regarding Plaintiff's limitations and provide "good reasons" if he decides to discount those opinions. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis must be performed.[1]

**4. Conclusion:**

---

[1] Based on these findings, I do not find it necessary to reach to other point of error raised by the Plaintiff in this appeal.

Based upon the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence. It is recommended that this case be reversed and remanded.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **3rd day of February, 2010.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE